1  SEYFARTH SHAW LLP
   John Yslas (SBN 187324)
2  E-mail:  jyslas@seyfarth.com
   601 South Figueroa Street, Suite 3300
3  Los Angeles, California 90017-5793
   Telephone:   (213) 270-9600
4  Facsimile:   (213) 270-9601

5  SEYFARTH SHAW LLP
   Francesca L. Hunter (SBN 327571)
6  fhunter@seyfarth.com
   2029 Century Park East, Suite 3500
7  Los Angeles, California 90067
   Telephone:  (310) 277-7200
8  Facsimile:  (310) 201-5219

9
   Attorneys for Defendants
10 ExamWorks, LLC, ExamWorks Review Services,
   LLC, and IME Resources, LLC
11

12

13                    UNITED STATES DISTRICT COURT

14                   EASTERN DISTRICT OF CALIFORNIA

15

16

17
   JONI STEVENS, an individual,                Case No.
18
              Plaintiff,                        (Shasta County Superior Court Case No.
19                                              197549)
         v.
20                                              **DECLARATION OF JOHN YSLAS
   EXAMWORKS, LLC, a Delaware limited           IN SUPPORT OF DEFENDANTS'
21 liability company;                           NOTICE OF REMOVAL**
   EXAMWORKS REVIEW SERVICES,
22 LLC, a Delaware limited liability company;   Complaint Filed:      June 14, 2021
   IME RESOURCES, LLC, a Delaware               Trial Date:           May 17, 2022
23 limited liability compare; and
   Does 1-10,
24
              Defendants.
25

26

27

28

72411178v.2

## DECLARATION OF JOHN YSLAS

I, John Yslas, declare and state as follows:

1.      I am an attorney at Seyfarth Shaw LLP, attorneys of record for Defendants EXAMWORKS, LLC, EXAMWORKS REVIEW SERVICES, LLC, and IME RESOURCES, LLC ("Defendants"). I make this Declaration in support of Defendants' Notice of Removal.  I have personal knowledge of the facts contained in this Declaration, and if called as a witness, I could and would testify competently as to their accuracy.

2.      I am an attorney licensed to practice law in the State of California and before this Court.  All of the pleadings, correspondences, and other records in this matter are maintained in my office, in the ordinary course of business, under my direction and control. I have reviewed the pleadings and correspondences in preparing this Declaration.

3.      Exhibits 1 and 2 constitute all of the pleadings served on Defendants and/or filed by Defendants in the state court action prior to filing this Notice of Removal.  Other than a Settlement Conference scheduled for March 21, 2022 and Trial scheduled to begin on May 17, 2022, there are no hearings currently scheduled in the state court action. (A true and correct copy of Plaintiff's Summons and Complaint is attached hereto as Exhibit 1.)

4.      On July 16, 2021, Defendants submitted to be filed, their Answer to Plaintiff's Complaint in the Superior Court for the County of Shasta, prior to filing this Notice of Removal. (A true and correct copy of Defendants' Answer to Plaintiff's Complaint is attached hereto as Exhibit 2.)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on this 16th day of July, 2021 at Los Angeles, California.

_____
John Yslas

72411178v.2

# EXHIBIT 2

1   SEYFARTH SHAW LLP
    John Yslas (SBN 187324)
2   E-Mail: jyslas@seyfarth.com
    601 South Figueroa Street, Suite 3300
3   Los Angeles, California 90017-5793
    Telephone:    (213) 270-9600
4   Facsimile:    (213) 270-9601

5   SEYFARTH SHAW LLP
    Francesca L. Hunter (SBN 327571)
6   E-Mail: fhunter@seyfarth.com
    2029 Century Park East, Suite 3500
7   Los Angeles, California 90067-3021
    Telephone:    (310) 277-7200
8   Facsimile:    (310) 201-5219

9   Attorneys for Defendants
    ExamWorks, LLC, ExamWorks Review Services, LLC
10  and IME Resources, LLC

11

12

13                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                          FOR THE COUNTY OF SHASTA

15

16  JONI STEVENS, an individual,                    Case No. 197549

17                Plaintiff,                         *Assigned for all purposes to Hon. Stephen H.
                                                     Baker, Dept. 3*
18          v.
                                                     **DEFENDANTS EXAMWORKS, LLC,**
19  EXAMWORKS, LLC, a Delaware limited liability    **EXAMWORKS REVIEW SERVICES, LLC,**
    company;                                         **AND IME RESOURCES, LLC'S ANSWER**
20  EXAMWORKS REVIEW SERVICES, LLC, a              **TO PLAINTIFF'S UNVERIFIED**
    Delaware limited liability company;             **COMPLAINT**
    IME RESOURCES, LLC, a Delaware limited
21  liability compare; and                          Complaint Filed:    June 14, 2021
    Does 1-10,                                       Trial Date:         May 17, 2022
22
                Defendants.
23

24

25

26

27

28

────────────────────────────────────────────────────────
              DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT
73135380v.2

Defendants ExamWorks, LLC, ExamWorks Review Services, LLC, and IME Resources, LLC (collectively "Defendants"), hereby answer the Unverified Complaint filed by Plaintiff Joni Stevens ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendants deny, generally and specifically, each and every allegation, statement, matter and each purported cause of action contained in the Complaint, and without limiting the generality of the foregoing, deny, generally and specifically, that Plaintiff has been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendants.

## DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendants allege as follows, without assuming the burden of proof on any defense on which it would not otherwise have the burden of proof by operation of law:

## FIRST DEFENSE

### (Failure to State a Cause of Action)

1.    Plaintiff's Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendants.

## SECOND DEFENSE

### (Statute of Limitations)

2.    The Complaint, and each purported cause of action alleged therein, is barred in whole or in part by all applicable statutes of limitation including but not limited to California Code of Civil Procedure Sections 335.1, 338(a) and 340, Labor Code 1197.5, Business and Professions Code Section 17208, and California Government Code Sections 12960(d) and 12965(d).

## THIRD DEFENSE

### (Estoppel)

3.    Any recovery on Plaintiff's Complaint and each cause of action alleged therein is barred because Plaintiff is estopped by his conduct and actions to claim any right to damages or any relief against Defendants.

1

**FOURTH DEFENSE**

**(Unclean Hands)**

4.      Any recovery on Plaintiff's Complaint and each cause of action alleged therein is barred by the equitable doctrine of unclean hands because of Plaintiff's conduct and actions.

**FIFTH DEFENSE**

**(Laches)**

5.      Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because Plaintiff delayed unreasonably in bringing his claims.

**SIXTH DEFENSE**

**(Failure To Exhaust Administrative Remedies)**

6.      Plaintiff's Complaint and each cause of action alleged therein are barred to the extent Plaintiff failed to exhaust his administrative remedies and to the extent Plaintiff's causes of action exceed the scope of charges he filed, if any, with appropriate governmental agencies.

**SEVENTH DEFENSE**

**(Ratification)**

7.      Plaintiff's claims are barred, in whole or in part, on the ground that Plaintiff ratified Defendants' alleged actions.

**EIGHTH DEFENSE**

**(No Pretext for Unlawful Discrimination or Retaliation)**

8.      Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff alleges unlawful discrimination and retaliation and has failed to show that Defendants' actions were a pretext for unlawful discrimination or retaliation or to mask an unlawful motive.

**NINTH DEFENSE**

**(After-Acquired Evidence)**

9.      To the extent discovery may disclose information which could serve as a basis for the termination of Plaintiff's employment, Plaintiff is barred from recovery by the after-acquired evidence doctrine.

2

73135380v.2

1

## TENTH DEFENSE

2

### (Failure to Mitigate Damages)

3      10.      Plaintiff's Complaint and each cause of action alleged therein are barred, or should be

4  reduced, to the extent Plaintiff failed to mitigate his alleged damages as required by law.

5

## ELEVENTH DEFENSE

6

### (Workers' Compensation Act Preemption)

7      11.      To the extent Plaintiff's Complaint, or any purported cause of action alleged therein,

8  alleges emotional or physical injury, any court lacks jurisdiction, and any recovery is barred by the

9  exclusivity of remedy under the California Workers' Compensation Act, California Labor Code Sections

10  3200, *et seq.*

11

## TWELFTH DEFENSE

12

### (Setoff and Recoupment)

13      12.      To the extent a court holds that Plaintiff is entitled to damages or penalties, which is

14  specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to

15  offset all overpayments made to Plaintiff and/or all obligations Plaintiff owed to Defendants against any

16  judgment that may be entered against Defendants.

17

## THIRTEENTH DEFENSE

18

### (Failure to Take Advantage of Preventive/Corrective Opportunities)

19      13.      Defendants exercised reasonable care to prevent and/or correct any discriminatory or

20  retaliatory workplace conduct allegedly experienced by Plaintiff. Plaintiff unreasonably failed to take

21  advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm

22  otherwise, and thus Plaintiff's Complaint and each cause of action alleged therein are barred or,

23  alternatively, his relief is limited.

24

## FOURTEENTH DEFENSE

25

### (Prompt Remedial Action)

26      14.      Defendants took prompt and appropriate corrective action in response to Plaintiff's

27  complaints or stated concerns regarding the workplace, if any, thereby satisfying all legal duties and

28  obligations Defendants had to Plaintiff, if any at all.

3

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

73135380v.2

1

2

**FIFTEENTH DEFENSE**

**(Consent and Waiver)**

3       15.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is

4   barred by the doctrines of consent and waiver because of Plaintiff's own conduct and actions.

5

6

**SIXTEENTH DEFENSE**

**(Offset)**

7       16.      Any recovery on Plaintiff's Complaint and each cause of action alleged therein is barred

8   in whole or in part because Defendants are entitled to an offset for any monies Plaintiff received from

9   any source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery set forth

10  by *Witt v. Jackson*, 57 Cal. 2d 57 (1961) and its progeny.

11

12

**SEVENTEENTH DEFENSE**

**(Punitive Damages Unconstitutional)**

13      17.      Although Defendants deny they have committed or have responsibility for any act

14  that could support the recovery of punitive damages in this lawsuit, if any, to the extent any such act is

15  found, recovery of punitive damages against Defendants is unconstitutional under numerous provisions

16  of the United States Constitution and the California Constitution.

17

18

**EIGHTEENTH DEFENSE**

**(Failure to State a Claim for Relief for Punitive Damages)**

19      18.      Plaintiff is not entitled to recover any punitive, double or exemplary damages against

20  Defendants and any allegations with respect thereto should be stricken because Plaintiff has failed to

21  plead and cannot prove facts sufficient to support allegations of oppression, fraud and/or malice

22  pursuant to California Civil Code Section 3294(a).

23

24

**NINETEENTH DEFENSE**

**(Adequate Legal Remedy)**

25      19.      Plaintiff's request for declaratory and injunctive relief is improper because Plaintiff has

26  an adequate remedy at law.

27

28

4

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

73135380v.2

**TWENTIETH DEFENSE**

**(Legitimate Business Justification/Same Decision/Mixed Motive)**

20.    Any monetary recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because assuming arguendo that discriminatory or retaliatory reasons had been a motivating factor in any decisions toward Plaintiff, which Defendants expressly deny, Defendants would have made the same decisions toward Plaintiff in any case for legitimate, non-retaliatory and non-discriminatory business reasons. *See Harris v. City of Santa Monica*, 56 Cal. App. 4th 203 (2013).

**TWENTY-FIRST DEFENSE**

**(Good Faith and Reasonableness)**

21.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendants and their agents acted reasonably and in good faith at all times material herein based on all relevant facts and circumstances known by them at the time they so acted.  Moreover, any and all decisions made and actions taken with respect to Plaintiff were in the exercise of proper managerial discretion and are subject to the managerial privilege.

**TWENTY-SECOND DEFENSE**

**(Reasonableness and Good Faith)**

22.    Plaintiff's claims are barred in whole or in part by the fact that any decisions made by Defendants with respect to Plaintiff's employment were reasonable based on the facts as Defendants understood them in good faith.

**TWENTY-THIRD DEFENSE**

**(Legitimate, Independent Reasons)**

23.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because assuming arguendo that retaliatory reasons were a contributing factor in any decisions toward Plaintiff, which Defendants expressly deny, Defendants would have made the same decisions for legitimate, independent reasons.  See Cal. Labor Code § 1102.6.

5

73135380v.2

**TWENTY-FOURTH DEFENSE**

**(Managerial Privilege)**

24.    Any injuries Plaintiff sustained as a result of any action by Defendants are barred to the extent that any and all decisions made and actions taken were in the exercise of proper managerial discretion and in good faith.

**TWENTY-FIFTH DEFENSE**

**(Lack Of Standing Under Business And Professions Code § 17200 )**

25.    Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff lacks the requisite standing to sue under California Business and Professions Code § 17204. Under Section 17200, any plaintiff suing for an alleged violation of the California Unfair Competition Law (the "UCL"), California Business and Professions Code § 17200, *et seq.*, must show that he or she has suffered an injury in fact, in addition to simply alleging a loss of money or property. Since Plaintiff cannot allege the requisite injury in fact, in addition to the requisite loss of money or property, Plaintiff lacks standing to sue under the UCL.

**TWENTY-SIXTH DEFENSE**

**(Lack of Standing for Injunctive Relief)**

26.    The claims of Plaintiff for injunctive and other equitable relief are based because they are not entitled to the equitable relief sought insofar as they have an adequate remedy at law or cannot make the requisite showing to obtain injunctive relief in a labor dispute.

**TWENTY-SEVENTH DEFENSE**

**(Agreement to Arbitrate - All Causes of Action)**

27.    Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is subject to binding arbitration pursuant to an agreement between Plaintiff and Defendants.  Defendants' filing of this Answer should not be construed as a waiver of its right to seek to compel arbitration and to stay or dismiss the claims against Defendants in this litigation based on the arbitration agreement. Defendants intend to exercise its rights to move this action to arbitration with Plaintiff's consent or by an order of the Court, as necessary.

/ / /

6

73135380v.2

### TWENTY-EIGHTH DEFENSE

#### (Legitimate Factors)

28.    Although Defendants deny any similar work was performed, any purported differences in pay were due to legitimate factors including but not limited to seniority, merit, a system that measures quantity or quality of production and/or a bona fide factor other than sex, race, or ethnicity.

### TWENTY-NINTH DEFENSE

#### (Not A Substantial Motivating Factor)

29.    Plaintiff's Complaint and each cause of action alleged therein are barred because her sex and/or purported protected conduct were not substantial motivating factors for any of Defendants' conduct or decisions concerning Plaintiff's employment, and Defendants would have taken the legitimate action they did irrespective of Plaintiff's sex or purported protected conduct.

### THIRTIETH DEFENSE

#### (Dissimilar Work)

30.    To the extent Plaintiff alleges a claim under the California Equal Pay Act or Equal Pay Act, Plaintiff's claim fails because she was not paid differently than members of the opposite sex for performing substantially similar work.

### RESERVATION OF RIGHTS

Defendants do not presently know all of the facts and circumstances respecting Plaintiff's claims. Defendants have not knowingly or intentionally waived any applicable defenses and reserve the right to assert and rely on such other applicable defenses as may later become available or apparent.  Defendants further reserve the right to amend their answer or defenses accordingly and/or to delete defenses that they determine are not applicable during the course of discovery.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

7

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiff take nothing by her Complaint;

2.    That judgment be entered in favor of Defendants and against Plaintiff on all causes of action;

3.    That Defendants be awarded reasonable attorneys' fees according to proof;

4.    That Defendants be awarded its costs of suit incurred herein; and

5.    That Defendants be awarded such other and further relief as the Court may deem appropriate.

DATED: July 16, 2021                                        SEYFARTH SHAW LLP

By: _____
    John Yslas
    Francesca L. Hunter
    Attorneys for Defendants
    EXAMWORKS, LLC, EXAMWORKS
    REVIEW SERVICES, LLC, and IME
    RESOURCES, LLC

8

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

73135380v.2

**PROOF OF SERVICE**

STATE OF CALIFORNIA              )
                                             ) SS
COUNTY OF LOS ANGELES      )

      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021.  On **July 16, 2021**, I served the within document(s):

**DEFENDANTS EXAMWORKS, LLC, EXAMWORKS REVIEW SERVICES, LLC, AND IME RESOURCES, LLC'S ANSWER TO PLAINTIFF JONI STEVENS' UNVERIFIED COMPLAINT**

☐   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☒   by placing the document(s) listed above in a sealed envelope or package provided by Federal Express with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☒   by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

| | |
|---|---|
| Julian Burns King<br>Elliot J. Siegel<br>Robert J. King<br>KING & SIEGEL LLP<br>724 S. Spring Street, Suite 201<br>Los Angeles, California 90014 | Attorneys for Plaintiff JONI STEVENS<br><br>Telephone: (213) 465-4802;<br>Facsimile: (213) 465-4803<br><br>Email:   robert@kingsiegel.com;<br>julian@kingsiegel.com;<br>ellot@kingsiegel.com |

      I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

      Executed on **July 16, 2021**, at Los Angeles, California.

                                *Ann Pleasant*
                                  Ann Pleasant

9

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

73135380v.2